Mr. Justice Cox
delivered the opinion of the Court:
A motion was made in behalf of the defendants to dismiss these cases from the- calendar of the General Term, for the reason that the General Term never acquired jurisdiction, of the cases, and the following reasons are assigned in support thereof:
*373 First. That no motion for a new trial upon bills of exceptions, to be heard in the General Term in the first instance, has been had or filed in the case; and
Second. That the only motion for a new trial filed in the case was addressed to the trial court, which took jurisdiction thereof and overruled the same, and no appeal \yas taken from the judgment.
There is also a motion to strike out the bill of exceptions upon the following grounds:
1. The alleged bill of exceptions was not signed during the term of the Circuit Court at which the case was tried, nor within the time during which said term was prolonged by adjournment for the purpose of signing the same. "
2. Because no such notice as the rules of court require was' ever given defendánts’ counsel of the application to have such bill of exceptions allowed and signed ; and
3. Because at the time of the application to the justice who presided at the trial to have said bill of exceptions-signed, no motion for a new trial or appeal was pending, and the time had expired in which one could be made or the other tak;en.
The occasion for this motion is suggested by the fact that-a trial took place which resulted in a verdict for the defendants, and thereupon a motion for a new trial was made upon the part of the United States on the usual grounds, viz:
First. That the verdict is contrary to the evidence.
Second. That the verdict is against the weight of the evidence.
Third. That the verdict is contrary to the law.
Fourth. For errors in the rulings of the presiding justice during the trial, excepted to at the time.
Fifth. For errors in the instructions by the court to the jury, excepted to at the time.'
As to the last two grounds, we understand it to be substantially a motion for a new trial addressed to the trial justice on exceptions taken during the trial.
*374 On March 22, 1890, which was still during the January Term, this order was entered:
“ The above named three cases having been tried and determined during the present term of the court, and motions for new trials addressed to the trial justice in the first and second of said cases being now pending and undecided, and the.bill of exceptions reserved during the trial of the third named case not having been reduced to form and settled in the shape of a bill of exceptions, it is ordered that this term be, and the same is hereby, adjourned to the 5th day of April, A. D. 1890, for the purpose of hearing said motions and settling such bills of exceptions, until which time the said motions are hereby continued.”
Bearing in mind that the January Term terminated on the 31st of March, we see that the 5th day of April, 1890, was within the next term of court, commencing on the 1st day of April. On the 5th day of April this order was passed:
“ There being several motions pending and undecided, and several bills of exceptions to be settled, it is ordered that the present term of the court be, and the same is hereby, prolonged and extended by adjournment until and including Saturday, April 12, 1890, at eleven o’clock, A. M., to enable such bills to be settled, and the said pending motions stand continued until said day and hour.”
The present term referred to was of course the January Term, and by “similar orders from time to time entered the January Term was prolonged and extended to July 31, 1890,” at which time the bill of exceptions was settled. In the meantime, and on the 12th of April, there was an entry on the minutes of the January Term that the motion for a new trial was heard and overruled. There was no entry on these minutes that an appeal was taken. But there was an entry on the minutes of the April Term that said motion had been heard and overruled, and that an appeal was taken by the dlaintiff.
*375 Now, a motion is' made to dismiss the case on the ground that there was no lawful appeal taken and it is upon the theory that the court had no power to prolong a term of court beyond its legitimate existence for the purpose of hearing a motion for a nevo trial; that a motion for a new trial had to be disposed of during the life of the term, or adjourned over to another term, and the court could notjprolong the term for the purpose of hearing the motion. This proposition we consider to be cófrect — the general proposition that the court has no power to prolong or adjourn the term for the purpose of hearing a motion for a new trial. But there is an additional feature in the case, and that is that not only was the term adjourned, but the motion was continued until a particular day and that day happened to fall within the next term.
The action of the court as far as it purported to extend the term for the purpose of hearing this motion may be admitted to be entirely wrong, but the motion itself having been continued until a particular day in the following term, we see no reason why the court, in that term, could not act upon the motion. It is true the court appears also to have passed an order as of the January Term, but that may be treated as a simple nullity aud it does not weaken the order passed as of the April Term. It is true that the court intended to extend the January Term for the purpose of hearing this motion but that does not, however, prevent the action of the court from having the legal effect and operation of continuing the motion from one term to a certain day into another term. We think the court had power to continue that motion until a certain day in the April Term and then act upon it as of that term. There was also an objection made to the form of the appeal. It is simply noted upon the minutes. That is one method of taking an appeal from the special to the General Term and we think it sufficient.
The next motion of the defendant is that the bill of exceptions be stricken out on theground that they were settled *376 at a time not authorized by law. Now, in reference to that, it is to be borne in mind that the term was prolonged, by adjournment, first until the 5th of April, and it is admitted that that could be done and if the bill of exceptions had been settled on that day it would be all right. The contention is, that on that day, which was beyond the original term, the court had no power to extend the term still further, by an additional order, and the order, therefore, of the 5th of April, was inoperative and the bill of exceptions was settled at a time when the term was not in existence as the January Term, and after the time allowed for it by an order passed during that term.
Our Revised Statutes, in Sec. 755, provide, “the Supreme Court shall have .power by rule of court, to regulate the period of holding its terms, as also the periods of special terms, at which issues of fact triable by a jury or by the court are to be tried, and to fix the number of such terms and to alter the same from time to time as public convenience may require.” Rule 62 of our rules provides that “ the bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment, in order to prepare it”
It is admitted therefore, that the court did lawfully prolong the January Term by adjournment until the 5th of April, and-as I said before the argument is that then it could not be prolonged further, and that any action of the court on the bill of exceptions after that date took place after term of the court.
Now, we have been referred to a number of authorities which undoubtedly lay down the general rule, that a court can pass no order after the term adjourns unless the foundation for it has been laid during the term. At common law a time might be fixed by order during the term, as the limit of time after the adjournment within which a bill of exceptions cpuld be settled, but it cannot pass such an order after the term is adjourned.
*377 We do not think the authorities cited apply to the present case, and we think not for the reason that on the 5th of April, when the order was passed adjourning the disposition of the bill of exceptions until another day, it was passed during the term, which had been lawfully prolonged, and that distinguishes this case from those that have been cited.
It is claimed that the statute intended that one term expires when tlife other begins. As a general rule, no doubt that is true, but there is no incompatibility at all in one term being extended and running parallel with the other for a limited purpose; that is, for closing up the business which must be settled as of the earlier term, as for instance bills of exceptions and things of that character. We are referred to Section 807, R. S., which reads :
“ When at any term of the court a jury shall be impannelled to try any cause, or any issue or issues joined in any Cause, and it shall happen that no verdict shall be found nor the jury otherwise discharged before the day appointed by law for the commencement of the next succeeding term, the court- shall proceed with the trial by the same jury in every respect as if such term had not commenced ; and all subsequent proceedings to final judgment, if such judgment-shall be rendered, shall be entered and have legal effect and operation as of the term at which the jury shall have been impannelled.”
Now, as suggested by my brother Bradley during the argument, probably this had reference to the service of the jury-As they had only been summoned to attend during the term, they might claim that at the end of the term their service was through and they were entitled to be discharged, even in the midst of a trial. In that possible contingency the statute provides that the same jury should go on and finish the work that they have in hand. But this does not at all militate against the view that I have suggested, that for the purpose of closing up the unfinished business of a term *378 it may be prolonged into the commencement of a second term.
That is about all that it is necessary to say. We have come to the conclusion that both motions must be overruled and the case be heard upon its merits.

The motion on behalf of the defendants and the motion on behalf of the Government are both therefore overruled.